IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES,                    )
                                  )
          v.                      )
                                  )
ROBERT C. FENN,                   )   1:12cr510 (JCC)
                                  )
                                  )
     Defendant.                   )


## M E M O R A N D U M   O P I N I O N

This matter is before the Court on Defendant Robert
Fenn's ("Defendant") Motion for New Trial ("Motion").  [Dkt.
51.]  For the following reasons, the Court will deny Defendant's
Motion.

### I.   Background

On December 6, 2012, a grand jury in the Eastern
District of Virginia returned a two-count indictment against
Defendant, charging him with receipt of child pornography, in
violation of 18 U.S.C. §§ 2252(a)(2) (Count I), and possession
of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B)
(Count II).  [Dkt. 1.]  On December 14, 2012, Defendant waived
formal arraignment, entered a plea of not guilty, and demanded a
jury trial.  Following this plea, Defendant filed a motion to

suppress certain statements, which this Court denied on January 22, 2013. [Dkts. 17-18.]

The Court conducted a two-day jury trial on April 2 and 3, 2013. Following the presentation of the Government's case in chief, at a bench conference on April 2, 2013, Defendant made a Rule 29 motion for judgment of acquittal, which this Court denied. [Dkt. 46.] Following the presentation of his defense, Defendant renewed that motion at a bench conference on April 3, 2013, and this Court again denied the motion. [Dkt. 47.] On April 3, 2013, the jury found Defendant guilty beyond a reasonable doubt for Counts I and II. [Dkts. 47; 49.] On April 17, 2013, Defendant filed his Motion for New Trial. [Dkt. 51.] The Government filed its opposition on April 29, 2013. [Dkt. 54.]

Defendant's Motion for New Trial is now before the Court.

## II. Standard of Review

Federal Rule of Criminal Procedure 33 provides, in relevant part, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Whether to grant or deny a motion for new trial rests within the broad discretion of the district court. *See United States v. Smith,* 451 F.3d 209, 216–17 (4th Cir. 2006). The Fourth Circuit has instructed that "a trial court should

exercise its discretion to award a new trial sparingly, and a jury verdict is not to be overturned except in the rare circumstance when the evidence 'weighs heavily' against it." *Id.* (citations omitted).

### III.  Analysis

Defendant moves for a new trial on two grounds: (1) the Government's alleged failure to fully disclose potentially exculpatory evidence prior to trial; and (2) the Government's use of rebuttal evidence which allegedly was not introduced in its case in chief.  The Court finds that neither reason warrants a new trial.

First, the Court finds that the Government met its obligations to disclosure potentially exculpatory evidence.  In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87.  In order to prevail on a *Brady* claim, however, it is not enough simply to say that favorable evidence was withheld.  *Id.*  The burden is on the Defendant to prove (1) that the "evidence at issue [is] favorable to the accused, either because it is exculpatory, or because it is impeaching;" (2) that the "evidence [was] suppressed by the [government],

either willfully or inadvertently;" and (3) that the evidence
was material to the defense, *i.e.*, "prejudice must have ensued."
*United States v. Moussaoui*, 591 F.3d 263, 285 (4th Cir. 2010)
(citing *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999)).

Defendant argues that there was a *Brady* violation
because he alleges that the prior to the trial, the Government
orally disclosed that suspected child pornography was found on
computers identified as belonging to the defendant's father
which were located in the basement, that at trial the
Government's forensic analyst denied that such images were found
on the father's computers in the basement, and that the
Government's prosecutor then disclosed at a bench conference
that those images actually were found on the father's laptop
computer which had been located in the household's living room
at the time of the search, a point to which the forensic analyst
later testified upon being recalled by the defense. (Def. Mot.
[Dkt. 51] at 1-3.) Defendant asserts that, prior to trial, he
was unaware of the actual (non-basement) location of the
father's computer on which the suspected illegal images were
found, and that this information could have been crucial in
adjusting his theory of the defense. (*Id.*)

Contrary to Defendant's assertion, however, the Court
finds that the Government fully and correctly provided Defendant
with this information prior to trial. Although the Government

admits that in its initial disclosure on January 10, 2013 it

indicated that suspected child pornography had been found on

other computers in the home including one of the father's

computers located in the basement, the Government updated and

clarified this initial disclosure during an in-person meeting on

February 1, 2013 when further information became available.

(Gov't Opp. [Dkt. 54] at 2.)  At that meeting, the Government

disclosed that the suspected child pornography which had been

found on the father's computer actually had been found on a

laptop seized from the living room, not on a computer seized

from the basement.  (*Id.* 2-3.)  The Government also reiterated

this location information multiple times to defense counsel

through summary charts which were presented at another in-person

meeting on March 13, 2013 and were provided in updated versions

periodically until a final version was sent to the defense

counsel on March 25, 2013.  (*Id.* at 3.)  Accordingly, the Court

concludes that the Government compiled with its *Brady*

obligations prior to trial.

　　　　Second, the Court finds that the Government did not

use improper rebuttal evidence.  "'Rebuttal evidence is defined

as evidence given to explain, repel, counteract, or disprove

facts given in evidence by the opposing party' or '[t]hat which

tends to explain or contradict or disprove evidence offered by

the adverse party.'"  *United States v. Byers*, 649 F.3d 197, 213

(4th Cir. 2011) (quoting *United States v. Stitt*, 250 F.3d 878, 897 (4th Cir. 2001)).  "Evidence offered in rebuttal 'may be introduced only to counter new facts presented in the defendant's case in chief.'"  *Id.* (quoting *Allen v. Prince George's County, Md.*, 737 F.2d 1299, 1305 (4th Cir. 1984)).

Here, Defendant argues that the Government improperly adduced testimony in rebuttal that suspected child pornography was found on a loose hard drive and a computer (both seized from his bedroom) because he claims that the Government withheld this testimony from its case in chief and that he did not open the door to such testimony by his defense.  (Def. Mot. at 2-3.) Again, however, Defendant's argument relies on inaccurate assertions.  During the Government's case in chief, one of the Government's witnesses, Special Agent Nelson, testified that child pornography was discovered on several devices, including the devices in question here.  (Gov't Opp. at 4-5 and n. 3.)  As a result, the Government did not withhold evidence for rebuttal. In addition, the Government's presentation of additional testimony on the images found on the loose hard drive in its rebuttal was proper to counter the Defendant's statement that he drew a distinction between cartoon child erotica and actual child pornography and, accordingly, that he allegedly did not have any child pornography on devices in his room.  The rebuttal evidence from that hard drive, which was seized from Defendant's

bedroom, reemphasized that the device contained child

pornography contrary to Defendant's testimony.  (Gov't Opp. at

4.)

### IV.  Conclusion

For the foregoing reasons, the Court will deny

Defendant's Motion.

_____/s/_____ _____
May 9, 2013                    James C. Cacheris
Alexandria, Virginia      UNITED STATES DISTRICT COURT JUDGE