IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

ROBERT FENN,                    )
                                )
        Petitioner,             )
                                )
            v.                  )    1:12-CR-510 (JCC);
                                )    1:15-CV-578
UNITED STATES OF AMERICA,       )
                                )
        Respondent.             )

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on Petitioner Robert Fenn's Motion for Discovery and Inspection of evidence relevant to his pending petition brought pursuant to 28 U.S.C. § 2255. [Dkt. 130.] For the following reasons, the Court will grant the motion.

### I. Background

On June 12, 2012, Homeland Security Investigations ("HSI") executed a search warrant at the Fenn residence in Fairfax County, Virginia. Husband and wife William and Catherine Fenn lived there with their two sons, John and Robert Fenn, who were all home at the time the search warrant was executed. Petitioner Robert Fenn ("Petitioner") told HSI agents that he owned two desktop computers that were found in his bedroom, an Acer Desktop and a Powerspec Desktop, but denied using these computers to access or download child pornography.

1

During on-site forensic examination previews of the computers, agents discovered suspected child pornography files on a Western Digital loose hard drive, which was also found in Petitioner's bedroom.

With this new information, HSI agents then interviewed Petitioner at Poplar Tree Elementary School, where he worked as a special education teacher.  During the second interview, Petitioner admitted that he downloaded and viewed Hentai images, which are legal to possess, and images of girls ages nine to fourteen, but continued to deny any knowledge of child pornography.  Ultimately, known child pornography and suspected child pornography was found on the Acer Desktop, a Western Digital loose hard drive, and a Samsung loose hard drive under the password-protected TREBOR user account, within folders labeled "62" or "626" where Hentai images were also located.  Suspected child pornography was also found on a Toshiba laptop that belonged to William Fenn ("the father") and was seized from the living room.

Although agents found the Acer Desktop in Petitioner's bedroom, other witnesses testified that the Acer Desktop was located in the basement of the residence from 2010 to June of 2012, where the father spent a lot of time alone working on his electronics and HAM radio.

2

On December 6, 2012, a federal grand jury indicted Petitioner with one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). On April 3, 2013, Petitioner was convicted of both counts after a two-day jury trial.  On April 17, 2013, Petitioner filed a Motion for a New Trial based on Brady violations.  The Court denied this motion on May 9, 2013.

On June 21, 2013, Petitioner was sentenced to 120 months incarceration on each count to run concurrently, with a 20-year term of supervised release.  On June 26, 2013, Petitioner directly appealed his conviction to the United States Court of Appeals for the Fourth Circuit.  On February 4, 2014, the direct appeal was denied.

On February 3, 2014, Petitioner filed his second Motion for a New Trial, this time based on the newly discovered evidence that the father had sexually abused his stepdaughters when they were the same age as the children depicted in the child pornography files at issue in the prosecution.  After hearing argument of counsel, on April 3, 2014, the Court denied the motion.  Petitioner appealed this ruling to the Fourth Circuit.  On October 1, 2014, this appeal was denied.  On October 15, 2014, Petitioner petitioned for a panel rehearing, which was denied on November 4, 2014.

On May 4, 2015, Petitioner, by counsel, filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255.  [Dkt. 121.]  Shortly thereafter, Petitioner filed the instant Motion for Discovery [Dkt. 130] with a memorandum in support [Dkt. 131] that asks the Court to issue an Order that permits Petitioner, through counsel, to copy, analyze, or otherwise inspect an Acer Desktop computer, a Toshiba laptop computer, a Western Digital loose hard drive, and a Samsung hard drive.  (Pet'r's Mot. at 1.)  The Government filed a memorandum in opposition.  [Dkt. 132.]  The Court heard oral argument of counsel on June 18, 2015, and thus, the motion is ripe for disposition.

## II. Legal Standard

Pursuant to Rule 6(a) of the Rules Governing Section 2255 Proceedings, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law."  However, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997).  Petitioner bears the burden to show "good cause" and must "present specific allegations that give the Court reason to believe that the petitioner may, if the facts are fully developed, be able to

4

demonstrate that he is entitled to relief." Pizzuti v. United States, 809 F. Supp. 2d 164, 176 (S.D.N.Y. 2011) (quoting Bracy, 520 U.S. at 908-909) (additional citation and internal quotation marks and punctuation omitted).  Stated differently, generalized statements will not suffice, and the Court may deny the discovery request "where the petitioner provides no specific evidence that the requested discovery would support his habeas corpus petition." Pizzuti, 809 F. Supp. 2d at 176 (citation omitted).  The Court will not authorize a habeas petitioner's "fishing expedition through the government's files in hopes of finding some damaging evidence." Hall v. United States, 30 F. Supp. 2d 883, 899 (E.D. Va. 1998).  Instead, petitioner bears the burden of showing "there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." Pizzuti, 809 F. Supp. 2d at 176 (citation omitted).

### III. Analysis

Petitioner claims that "[a]nalysis of the computer devices containing confirmed or suspected child pornography is material to the ineffective assistance of counsel claim in [his] 28 U.S.C. § 2255 motion." (Pet'r's Mem. at 4.)  First, Petitioner believes examination of the Acer Desktop computer is "critical" because at trial, the Government "sought to exclude William and John Fenn as suspects by proving they were elsewhere

5

during the times the Acer indicated that child pornography was accessed." (Id.) Petitioner contends that this analysis would also reveal whether "anonymous logins" were the source of the child pornography. (Id. at 4-5.) Second, Petitioner wants to examine his father's Toshiba laptop, which contained suspected child pornography, "to determine if further evidence exists linking him to the confirmed pornography found on the Acer." (Id. at 5.) Lastly, Petitioner argues an examination of the Western Digital and Samsung hard drives "is reasonably calculated to produce evidence material to the issues raised herein." (Id.) Based on these specific allegations, Petitioner has demonstrated good cause for discovery and has given "the Court reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." Pizzuti, 809 F. Supp. 2d at 176 (quoting Bracy, 520 U.S. at 908-909) (additional citation and internal quotation marks and punctuation omitted).

Petitioner's ineffective assistance of counsel claim is based, in part, on the allegation that trial counsel failed to secure an independent forensic expert to analyze the computer media at issue. (Pet'r's Mem. in Supp. of Pet. [Dkt. 122] at 15-19.) It is undisputed that Petitioner's trial counsel did not seek an independent forensic analysis of the computer media for trial. To support his claim that this constitutes

6

ineffective assistance, Petitioner seeks discovery of additional evidence that would link the father to the child pornography on the computer media.  This is not a fishing expedition, as the Government contends.  Instead, Petitioner's request is narrowly tailored to a forensic examination of the four computer media at issue.  Cf. United States v. Roane, 378 F.3d 382, 402-403 (4th Cir. 2004) (affirming district court's authorization to conduct forensic testing of a knife found at the murder scene and denial of other broad discovery requests).

Moreover, Petitioner cites to specific "evidence that the requested discovery would support his habeas corpus petition." Pizzuti, 809 F. Supp. 2d at 176 (citation omitted). Petitioner explains that an independent forensic examination of the Acer Desktop computer could be used to contradict or otherwise disprove the Government's timeline evidence produced at trial regarding the father and Petitioner's brother. Moreover, Petitioner contends that an independent analysis of the Acer Desktop could determine whether the anonymous logons could account for or be the source of child pornography. (Pet'r's Mem. at 4-5.)  These specific bases, and those enumerated by counsel at the hearing, establish good cause that "there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." Pizzuti, 809 F. Supp. 2d at 176 (citation omitted).

7

Lastly, the request to examine the Toshiba laptop and external hard drives is tailored to seek exculpatory evidence. Petitioner claims that the "Toshiba laptop is also likely to contain material evidence" and that an examination of the hard drives "is reasonably calculated to produce evidence material to the issues raised herein."  (Pet'r's Mem. at 5 (emphasis added).)  At the hearing, Petitioner's counsel noted that no one "has really looked" at the Toshiba, which was owned by the father.  He argues that there could be a link between files found on the Toshiba and the files found on the other computer media that formed the basis for Petitioner's conviction. Accordingly, Petitioner has established good cause for limited discovery.

## IV. Conclusion

Ultimately, Petitioner shoulders a heavy burden in seeking to vacate his judgment of conviction.  For the foregoing reasons, the Court will grant the motion for limited discovery as to only the computer media at issue.

An appropriate Order shall issue.

June 23, 2015
Alexandria, Virginia

/s/
James C. Cacheris
UNITED STATES DISTRICT COURT JUDGE

8