```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF VIRGINIA

                         Alexandria Division

UNITED STATES OF AMERICA,       )
                                )
          v.                    )   1:12-cr-510
                                )
ROBERT FENN,                    )
                                )
     Defendant.                 )
```

**M E M O R A N D U M   O P I N I O N**

This matter came before the Court on Defendant Robert Fenn's ("Fenn") amended motion for conditional release pending a new trial. [Dkt. 167.] The Government opposed Fenn's release under any conditions. (Gov't Response [Dkt. 168].) After considering the parties' written arguments and conducting a detention hearing at which Fenn's mother credibly testified as to her ability and willingness to serve as a custodian, the Court granted Fenn's motion from the bench. This opinion memorializes and supplements that ruling.

**I.   Background**

In December 2012, the grand jury returned an indictment against Fenn for one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). United States Magistrate Judge Buchanan conducted a pretrial detention hearing and granted Fenn's motion

1

to be released under the custodianship of his mother. (*See* Order [Dkt. 10].) The conditions of release confined Fenn to house arrest with GPS monitoring and restricted his access to computers, video game consuls, internet-capable phones, other data-sharing devices, and the internet generally. He was also prohibited from having any unapproved or unaccompanied contact with minors. (*Id.*) Fenn fully complied with these and other conditions during the nearly four months between his arrest and his April 2013 trial.

A jury found Fenn guilty as to both counts. The Court sentenced Fenn to 120 months imprisonment for each count, to run concurrently, followed by a twenty year term of supervised release. Fenn then unsuccessfully appealed his conviction and twice unsuccessfully petitioned this Court for a new trial. *United States v. Fenn*, 554 F. App'x 133 (4th Cir. 2014); *United States v. Fenn*, No. 1:12-cr-510, 2014 WL 1338672 (E.D. Va. Apr. 3, 2014), *aff'd* 584 F. App'x 114 (4th Cir. 2014); *United States v. Fenn*, No. 12-cr-510, 2013 WL 1968156 (E.D. Va. May 9, 2013). Fenn then moved under 28 U.S.C. § 2255 to vacate or set aside his conviction based on ineffective assistance of trial counsel. The Court granted this motion on March 23, 2016, after allowing for discovery and conducting an evidentiary hearing. *Fenn v. United States*, No. 1:12-cr-510, 2016 WL 1161441 (E.D. Va. Mar. 23, 2016); *Fenn v. United States*, No. 12-cr-510, 2015 WL 3868583

(E.D. Va. June 23, 2015).  The Court ordered Fenn to be unconditionally released from custody, unless, within 60 days, the Government initiates trial proceedings against him.  *Fenn*, 2016 WL 1161441 at *1, 10.

On April 6, Fenn moved to be released under restrictions pending the Government's initiation of new trial proceedings.  On April 12, the Government filed an opposition to the motion, arguing that Fenn should remain detained pending a new trial.  The Court heard oral argument from the parties and testimony from Fenn's mother at a hearing on April 14, 2016.

## II.  Standard of Review

The Bail Reform Act of 1984 (the "Act"), 18 U.S.C. § 3141 *et seq.*, defines the limited circumstances under which a defendant may be detained pending trial.  The Act permits detention when the Government presents clear and convincing evidence "that no condition or combination of conditions will reasonably assure the safety of any other person and the community."  18 U.S.C. § 3142(f).  Additionally, detention is permitted if the Government proves by a preponderance of the evidence that no conditions will reasonably assure the defendant's appearance at trial.  *See* 18 U.S.C. § 3142(e).

The analysis is slightly different when there is probable cause to believe that the defendant has committed an offense involving a minor victim.  In those cases, a rebuttable

3

presumption arises that no conditions will reasonably assure the defendant's appearance and the safety of the community and others. *See* 18 U.S.C. § 3142(e)(3)(E). The defendant may rebut that presumption by coming forward with evidence to suggest that the presumption is unwarranted in his particular case, i.e. satisfies his burden of production. *See United States v. Boyd*, 484 F. Supp. 2d. 486, 488 (E.D. Va. 2007). If the defendant presents such evidence, the burden shifts back to the government to prove that detention is justified due to risk of flight or risk of future dangerousness, as described above.

The Act provides several factors for courts to consider when weighing whether the Government has proven detention is warranted. Those factors include: (1) the nature and circumstances of the offenses charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including family ties, the defendant's character, ties to the community, and criminal history; and (4) the nature and seriousness of the danger releasing the defendant would pose to any person and the community. *See* 18 U.S.C. § 3142(g).

### III.   Analysis

All parties agree that the offense charged in Fenn's case gives rise to the rebuttable presumption that detention is warranted. The indictment establishes probable cause that Fenn

4

received child pornography in violation of 18 U.S.C. § 2252(a)(2), which triggers the presumption. *See* 18 U.S.C. § 3142(e)(3)(E); *see also United States v. Hite*, 76 F. Supp. 3d 33, 36 n.4 (D.D.C. 2014) (noting indictment can establish probable cause). The evidence presented at trial regarding the presence of known child pornography on Fenn's various computer devices in his password-protected account and computer folders affirms that probable cause exists, and Fenn does not argue otherwise.

None-the-less, Fenn has rebutted the presumption that detention is necessary. The procedural posture of this case allows the Court to rely on Fenn's prior compliance with conditions of release as compelling evidence that there are conditions that will reasonably assure his presence at trial and eliminate the risk of harm. *See Hite*, 76 F. Supp. 3d at 42 (finding presumption rebutted namely because defendant previously complied with conditions of release on same charges). Furthermore, Fenn's mother, Catherine Norris ("Norris"), testified at the detention hearing that she is willing and able to serve as a third-party custodian. The Court found Norris credible based on her detention-hearing testimony and her effective custodianship during Fenn's prior release on bond. The Court finds additional support that appropriate conditions of release exist because of Fenn's ties to the community, his

lack of criminal history, his stable psychological history, his meager financial resources, and the unlikelihood of additional harm resulting to others or the community.

The following consideration of the section 3142(g) factors affirms the conclusion that Fenn rebutted the presumption that detention is required and those factors also demonstrate the Government has not carried its burden of proving that detention is necessary.

A.      Nature and Circumstances of the Offense Charged

The charges against Fenn weigh in favor of detention. The crimes of receipt and possession of child pornography are, by definition, crimes of violence. *See* 18 U.S.C. § 3156(a)(4)(c); *see also United States v. Bonczek*, No. 08 Cr. 361, 2009 WL 2924220, at *1 (S.D.N.Y. Sept. 8, 2009). The child pornography involved in this case is particularly violent. Law enforcement identified images and videos on Fenn's computer devices from at least 30 known child pornography "series," including one series depicting a five-to-ten year old girl victim simulated as being bound with chains and subjected to intercourse and fellatio by her adoptive father, and another series depicting a six-to-seven year old girl being sexually abused by her father, being menaced with a knife, and confined

6

to a dog cage.  (PSR ¶¶ 22, 23.)[1]  These are serious charges, which weigh in favor of detention pending trial.

B.       Weight of the Evidence Against Fenn

The weight of the evidence against Fenn also supports his detention.  The Court will not describe at length the strong evidence indicating Fenn's guilt because that evidence is detailed in the Court's post-trial memorandum opinions, which are incorporated herein.  *See Fenn v. United States*, 1:12-cr-510, 2016 WL 11614411 (E.D. Va. Mar. 23, 2016); *United States v. Fenn*, No. 1:12-cr-510, 2014 WL 1338672 (E.D. Va. Apr. 3, 2014), *aff'd* 584 F. App'x 114 (4th Cir. 2014); *United States v. Fenn*, No. 12-cr-510, 2013 WL 1968156 (E.D. Va. May 9, 2013).  It suffices to note that the Government presented strong evidence of Fenn's guilt in the prior trial, including evidence that many images and videos depicting child pornography were found on several of Fenn's computer devices, the child pornography was saved within the same user account and file structure where Fenn admitted to storing legal erotic images of young girls, the user account password was Fenn's name spelled backwards, Fenn admitted having a preference for young girls, and Fenn was not known to be outside of the house at the time of any of the illegal downloads at issue.  *See Fenn*, 2016 WL 1161441, at *1-2.

---

[1]     Citations to "PSR" refer to the Presentencing Investigation Report.  [Dkt. 64.]

Additionally, the Government presented evidence that Fenn's brother was not responsible for the child pornography because he was at work when three of the illegal downloads occurred. *Id.* at *2. Similarly, Fenn's father was eliminated as a suspect because he was operating a laptop computer at the time that five of the illegal downloads onto Fenn's computer occurred. *Id.*

The memorandum opinion granting Fenn's 2255 petition details the evidence tending to exculpate Fenn. *See id.* at *2, 6, 8. In summary, there is testimony and evidence tending to implicate Fenn's father as being responsible for the child pornography. At trial, Fenn's counsel presented testimony that the father had access to Fenn's computer and user account at the time of the illegal downloads and that the father had viewed suspected child pornography on his own laptop computer. Post-trial proceedings also revealed evidence implicating the father, including testimony that the father admitted to downloading child pornography and expert testimony that the father's computer usage is consistent with one person operating two computers simultaneously, which would refute Government evidence. *Id.* at *5-10. As described more fully in the 2255 memorandum opinion, the admission of this additional evidence at a new trial will certainly lessen the likelihood of Fenn's conviction. *Id.* at *7-8. None the less, the evidence of Fenn's

guilt is strong enough for this factor to weigh in favor of detention.

C. <u>History and Characteristics of Fenn</u>

Fenn's history and characteristics weigh against detention. He was raised in the Fairfax, Virginia area and continues to maintain ties there. (PSR ¶¶ 42-51.) He graduated from high school in Fairfax in 2004 and received his bachelor's degree from George Mason University in 2009. (PSR ¶¶ 64, 65; Tr. 240.)[2] Fenn moved back into his parents' home after graduating from college. (Tr. 240.) Fenn's parents have since divorced, but his mother continues to live in the same area.

Prior to his conviction, Fenn maintained stable employment as a special education teacher at an elementary school in the area. (PSR ¶ 71; Tr. 136-137.) A parent of one of Fenn's students testified at trial that Fenn was an "excellent teacher," appeared to be a law-abiding person, and that she was "lucky to have him in her son's life." (Tr. 267-268.) Fenn also gave private music instruction to children. Parents of two of Fenn's pupils testified at trial as to Fenn's law-abiding character. (Tr. 262, 287-88.) Fenn also maintained a part-time job at a jewelry store where he was regarded as an excellent, reliable, and honest employee. (PSR ¶ 70.) The

---

[2] Citations to "Tr." refer to the transcripts of the two-day trial in April 2013. [Dkts. 69, 73-76.]

9

owner of the jewelry store allowed Fenn to return to employment even after learning of his arrest for child pornography offenses. (PSR ¶ 70.)

Fenn is thirty years old and in good physical health. (PSR ¶¶ 52-57.) He demonstrated signs of autism or Asperger's Syndrome at a young age but he was never officially diagnosed. (PSR ¶ 55.) He suffers from physical twitches commonly associated with Tourette's Syndrome but was never officially diagnosed. (PSR ¶¶ 54, 57.) He does not take any prescription medication and has no history of substance or alcohol abuse. (PSR ¶¶ 61-63.) He has no history of psychological or psychiatric issues and he successfully participated in sex-offender treatment after his arrest. (PSR ¶¶ 58-60.)

Fenn has limited financial resources. The Probation Office found his net worth to be just over $5,000 and found his income insufficient to satisfy a fine or the cost of imprisonment. (PSR ¶¶ 76, 80.)

Fenn has no history of criminal arrests or charges prior to this case. (PSR ¶¶ 36-41.)

The Government argues that Fenn's characteristics have changed since he was previously released on bond. Namely, the Government emphasizes that Fenn no longer has employment in the area and his family has become less stable since the time of Fenn's prior release on bond. The Court does not find that

these events materially alter Fenn's characteristics or history. The prior decision to release Fenn on bond accounted for Fenn's limited employment options because his teaching job was stopped without pay after his arrest. (PRS ¶ 71.) Additionally, the recent instability regarding Fenn's father, and to a lesser extent brother, does not materially affect the assessment of Fenn's characteristics because Fenn has consistently maintained that his mother was the primary parental figure in his life. (*See* PSR ¶ 48.) Any effect from the father or brother's possession of child pornography or alleged sexual abuse is counterbalanced by Norris credibly testifying at the detention hearing that she is able and willing to serve as a custodian. Thus, the changes to Fenn's circumstances since his imprisonment do not alter the Court's analysis. The Court finds that Fenn's connections to the area, history of stable employment, lack of substance abuse or psychological issues, clear criminal history, and meager financial resources weigh against detention.

D.      Nature and Seriousness of Danger to Other Persons or the Community

Receipt and possession of child pornography are violent crimes that cause serious damage to victims. (*See* PSR (containing victim impact statements).) Receiving and possessing child pornography fuels the demand for the production of harmful images depicting acts that devastate the victims.

The images memorialize the victims' trauma, causing the harmful effects of abuse to continue long after the victims' physical injuries have healed.  *See United States v. Accardi*, 669 F.3d 340, 345 (D.C. Cir. 2012) (describing harms of child pornography crimes).  There is no question that the indictment alleges serious crimes that caused harm to others and the community.

The relevant question in the present analysis, however, is whether Fenn's release pending trial will endanger others or the community, i.e. his future dangerousness.  *See United States v. Thomas*, No. CCB-03-0150, 2006 WL 140558 (D. Md. 2006) (considering future dangerousness of accused sex offenders in pretrial bond context).  If Fenn did commit the acts alleged, there is less likelihood that he would do so again because he has since successfully participated in outpatient sex offender treatment.  The treatment provider described Fenn as a compliant and active member of the treatment group.  (PSR ¶ 60.)  There is also no evidence that Fenn has ever personally abused a child.  This fact is noteworthy because Fenn worked in an elementary school and as a private music instructor for children.  Parents of Fenn's students and pupils testified at trial that, even knowing the allegations against him, they would still allow Fenn to care for their young children without supervision.  (Tr. 262, 267, 289.)  In short, there is no evidence that Fenn poses a risk of harm through interpersonal contact.  Instead, the only

12

risk of harm depends on Fenn's access to the internet or a data-sharing device.  The Court can reasonably eliminate that risk through appropriate conditions of release.  Accordingly, this factor weighs against detention.

E.        Balancing the Factors

Balancing the statutory factors leads to the conclusion that neither the risk of flight nor the risk of harm justifies detention in this case.

The Court will first discuss the risk of flight. There are indications that Fenn might attempt to flee rather than risk a second conviction and long prison sentence.  The violent nature of the offenses charged, the likelihood of a second conviction and lengthy sentence, and Fenn's first-hand experience with the severity of prison life all indicate that Fenn could attempt to flee.  The evidence indicating that Fenn will not flee, however, is more compelling.  Namely, Fenn is a lifetime resident of Fairfax, Virginia and will be released under the custodianship of his mother, who is an able custodian and lives in the same area.  Fenn has meager financial means to flee, no criminal history, no substance abuse issues, and no psychological instability.  Additionally, it is particularly compelling that Fenn did not attempt to flee during the almost four months between his initial conditional release and his conviction.

Any risk of flight may be reasonably eliminated through appropriate restrictions. Placing Fenn under the custodianship of his mother with the additional restrictions of house arrest and electronic monitoring proved successful to ensure Fenn's presence at the previous trial. Fenn's prior compliance, the credible testimony of his mother regarding her ability to serve as a custodian, and the factors discussed above reasonably assure Fenn's presence at trial, even though his prior conviction and incarceration increase his incentive to flee.

The Court also finds that conditions exist that will reasonably assure Fenn does not endanger others or the community. The only danger Fenn poses is through his access to the internet or other means of data transmission. The Court previously contained that danger by prohibited him from using a computer or related device, from accessing the internet, or from having any unapproved or unaccompanied contact with minors. Since his prior release on bond, Fenn also participated in sex offender treatment, which further reduces any likelihood of new harms occurring. Consequently, the risk of harm to others and the community does not justify detention in this case.

The Government's reliance on the case of *United States v. Hite*, 76 F. Supp. 3d 33 (D.D.C. 2014), does not persuade the Court that detention is necessary. In that case, the court

14

decided to detain Hite pending a new trial after his conviction on two counts of attempted coercion and enticement of a minor was vacated. Some factors in that court's analysis are analogous to Fenn's case, such as the seriousness of the offense, the weight of the evidence, the potential lengthy sentence Hite faced if reconvicted, and Hite's first-hand experience with the severity of life in prison. Ultimately, however, *Hite* involved risks of flight that are not present in Fenn's situation, including (1) Hite had over six million dollars in net assets, (2) Hite could continue to earn substantial income even if he fled, and (3) the court was not convinced that Hite's 80-year old parents were appropriate custodians. Fenn, by contrast, has no assets or earning capacity that would sustain a successful flight and the Court believes his mother will serve as an able custodian. Thus, the evidence in Fenn's case presents a weaker argument for detention than the facts in *Hite*.

    In summary, Fenn has rebutted the presumption that detention is necessary and the Government has not proven that no conditions exist that would reasonably assure Fenn's presence at trial or the safety of others and the community.

### IV. Conclusion

    For the foregoing reasons, the Court grants Defendant's motion for conditional release pending a new trial.

An appropriate order shall issue listing the conditions of release.

|  |  |
|---|---|
| April 15, 2016<br>Alexandria, Virginia | /s/<br>James C. Cacheris<br>UNITED STATES DISTRICT COURT JUDGE |