IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 1:12cr510 |
| | ) | |
| ROBERT FENN, | ) | |
| | ) | |
| Defendant. | ) | |

### **M E M O R A N D U M   O P I N I O N**

This matter is now before the Court on the Government's Motion in Limine to Exclude Testimony Regarding Alleged Sexual Assault Unrelated to This Case [Dkt. 183]. The Government seeks to exclude, pursuant to Federal Rule of Evidence 403, testimony from two former stepdaughters of the Defendant Robert Fenn's ("Defendant") father, William Fenn, who are expected to testify that William Fenn sexually abused them over 45 years ago, when the stepdaughters were children.[1]

### **I. Legal Standard**

Federal Rule of Evidence 404(b) provides that evidence of an individual's "prior 'crimes, wrongs, or acts' is generally admissible except when it is offered to prove 'the character of a person in order to show action in conformity therewith.'"

---

[1] For ease of reference, the Court refers to the Defendant in this action, Robert Fenn, as "Defendant" at all points in this memorandum opinion, while referring to his father, William Fenn, by his full name.

1

*United States v. Queen*, 132 F.3d 991, 994 (4th Cir. 1997)(quoting Fed. R. Evid. 404(b)). Federal Rule of Evidence 403 provides:

> The court may exclude evidence if it's probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403. In *Queen*, The Fourth Circuit explained the interaction of Rules 404(b) and 403, holding:

> [E]vidence of prior acts becomes admissible under Rules 404(b) and 403 if it meets the following criteria: (1) The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes. (2) The Act must be necessary in the sense that it is probative of an essential claim or an element of the defense. (3) The evidence must be reliable. And (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate the factfinding process.

132 F.3d at 997.

A defendant's use of the prior bad acts of a third party to show that the third party is more likely to have committed the charged offense "invokes a rarely used variant of Rule 404(b), known as reverse 404(b)." *United States v. Rubio*,

2

87 F.3d 1309 (4th Cir. 1996)(unpublished table opinion). Reverse 404(b) evidence is subject to the same test as standard 404(b) evidence, but must also "tend[], alone or with other evidence, to negate [the accused's] guilt of the crime charged against him."  *Id.* (quoting *United States v. Stevens*, 935 F.2d 1380, 1401-02 (3d Cir. 1991)).

## II. Analysis

The Government seeks to exclude expected testimony from William Fenn's stepdaughters that he sexually abused them over 45 years ago.  This Court has previously considered the expected testimony of William Fenn's stepdaughters in the context of Defendant's Motion for a New Trial pursuant to Federal Rule of Criminal Procedure 33.  *See United States v. Fenn*, No. 1:12cr510 (JCC), 2014 WL 1338672 (E.D. Va. April 3, 2014).  In that prior holding, the Court found that while "[w]hether these prior acts are too dissimilar and attenuated in time from the instant offense to be material is a very close question," William Fenn's "prior acts of sexual abuse of children are sufficiently similar in time and nature to be material to the issues involved in this case."  *Id*. at *5-6.

The materiality of the prior bad acts is only the first hurdle which proposed reverse 404(b) evidence must overcome.  The Court must also determine whether the probative value of the testimony regarding William Fenn's alleged child

3

molestation is "substantially outweighed" by the risk such evidence poses of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

In the similar but crucially distinct context of applying Rule 403 to evidence of the defendant's prior molestation of children offered pursuant to Rule 414, the Fourth Circuit has explained that the district court should consider "a number of factors, including (i) the similarity between the previous offense and the charged crime, (ii) the temporal proximity between the two crimes, (iii) the frequency of the prior acts, (iv) the presence or absence of any intervening acts, and (v) the reliability of the evidence of the past offense." *United States v. Kelly*, 510 F.3d 433, 437 (4th Cir. 2007).[2]

A. Relative Probative Value

Turning first to the relative probative value of the

---

[2] Rule 414 provides that "[i]n a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation." Fed. R. Evid. 414. The Court notes that although the five factor test laid out in *Kelly* is helpful in assessing the relative probative value of the evidence of William Fenn's prior sexual abuse of children and guides the Court's analysis on that issue, the evidence at issue here is not that "*the defendant* committed any other child molestation." *Id.* (emphasis added). Accordingly, the evidence is ultimately evaluated under a reverse 404(b) and Rule 403 analysis, and the *Kelly* factors are not controlling.

evidence of William Fenn's alleged prior sexual abuse of his stepdaughters, the Court finds it to be of slight relative probative value. In assessing the probative value of evidence under a Rule 403 evaluation, a court "must weigh the marginal probative value of admission versus the marginal danger of admission in view of the entire record, including potential evidentiary alternatives." *United States v. Bellinger*, 2016 U.S. App. LEXIS 10667, *18 (4th Cir. June 13, 2016); *See also Carnell Constr. Corp. v. Danville Redevelopment & Hous. Auth.*, 745 F.3d 703, 719 (4th Cir. 2014)(same). That is to say, "what counts as the Rule 403 'probative value' of an item of evidence, as distinct from its Rule 401 'relevance,' may be calculated by comparing evidentiary alternatives." *Old Chief v. United States*, 519 U.S. 172, 184 (1997).

Evidence of William Fenn's alleged prior sexual abuse of children is only relevant to Defendant's trial to the extent that it tends to show that it was William Fenn, rather than Defendant, who downloaded the child pornography at issue. The testimony regarding William Fenn's alleged prior sexual abuse of his stepdaughters is only relevant as indirect evidence after the jury completes the following chain of reasoning: (1) if William Fenn sexually abused his stepdaughters 45 years ago, he is probably still sexually attracted to children now; (2) he is therefore probably interested in viewing child pornography now;

and (3) it may therefore be more likely that he, rather than Defendant, viewed the child pornography at issue in this case. Although indirect, this chain of reasoning is entirely permissible, and, as mentioned above, evidence of William Fenn's prior sexual abuse of his stepdaughters is relevant to the issue of whether he was more likely than Defendant to have accessed the child pornography at issue in this case. However, in determining the relative probative value of the stepdaughter's testimony, the Court must also consider alternative evidence tending to prove the same point. *See Old Chief*, 519 U.S. at 184.

At Defendant's original trial, Defendant's counsel elicited direct evidence in this case that William Fenn may have actually viewed child pornography.[3] The allegations of prior sexual abuse by William Fenn do not involve the production or possession of child pornography, and are therefore less probative of William Fenn's propensity to view or possess child

---

[3] In granting Defendant's Motion under 28 U.S.C. § 2255, this Court noted that Defendant's "[t]rial counsel . . . elicited testimony that the father spent substantial time alone in the basement working with computers and on his HAM radio, knew the password to the TREBOR account, and *had images of suspected child pornography within the thumb cache folder of his Toshiba laptop*." (Mem. Op. of Mar. 23, 2016 [Dkt. 161], at 5.) Additionally, the Court noted there that Defendant would likely be able to introduce an out of court statement by William Fenn at a new trial in which William Fenn declared to his then wife that he had downloaded child pornography onto computers in the Fenn household. (*Id.* at 17-18.)

6

pornography than the direct evidence that he actually did so. Because the jury will once again be presented with this more direct evidence of William Fenn's propensity to possess and view child pornography, the additional, marginal probative value of testimony regarding William Fenn's alleged prior acts of sexual abuse is low.

The Fourth Circuit has previously approved the admission of evidence of prior sexual abuse of children by the defendant in child pornography cases. *See United States v. Mason*, 532 F. App'x 432, 437 (4th Cir. 2013); *United States v. Rice*, 347 F. App'x 904, 905 (4th Cir. 2009); *Kelly*, 510 F.3d at 437. Each of these cases can be easily distinguished from the case now before the Court. *Mason*, *Kelly*, and *Rice* all involved evidence of *the defendant's* prior sexual abuse of children. In that context, unlike the reverse 404(b) use proposed here, Rule 414 establishes the facial admissibility of evidence that "*the defendant* committed any other child molestation." Fed. R. Evid. 414 (emphasis added); *See Mason*, 532 F. App'x at 437.

*Mason*, *Kelly*, and *Rice* all involved situations where the relative probative value of the evidence of prior molestation was higher than it is in this case. *Mason* and *Kelly* involved evidence that the defendant had previously been convicted of child molestation, thus removing the potential for a mini-trial into the veracity of the accusations of child

7

molestation. *See Mason*, 532 F. App'x at 437-38 (emphasizing that evidence of prior conviction was "eminently reliable"); *Kelly*, 510 F.3d at 438 (emphasizing that "the government appropriately did not seek to elicit inflammatory testimony about Kelly's prior conviction, but instead presented only the official conviction record"). While the evidence of prior sexual molestation of children in *Rice* was offered in the form of testimony by a victim of the previous molestation, the defendant's prior bad acts in *Rice* bore a very strong similarity to the child pornography charges then face by the defendant. The prior bad acts in *Rice* included "showing the [victim] child pornography, as well as taking pictures of the [victim's] genitalia." 347 F. App'x at 905. Likewise, in *Kelly*, the similarity between the past conviction and the contested charge was "striking" as "Kelly's past conviction was for attempting to rape a 12 year-old, and he was charged [there] with traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with a 12 year-old." 510 F.3d at 437-38.

The testimony regarding William Fenn's alleged prior sexual abuse of children in this case has neither the overwhelming indicia of reliability found in *Mason* and *Kelly* nor the striking similarity to the charged crime found in *Kelly* and *Rice*. William Fenn has not been convicted of sexual abuse of children and the only evidence being offered of his prior child

8

molestation is the testimony of his stepdaughters, the alleged victims. There are also no allegations that William Fenn's alleged prior bad acts involved the production, showing, or even possession of child pornography.

Further, *Kelly*, *Rice*, and *Mason* all address evidence of prior molestation which had occurred far more recently than William Fenn's alleged prior acts of child molestation, which took place over 45 years ago. *See Kelly*, 510 F.3d at 436 (22 year gap between prior conviction and current charge); *Rice*, 347 F. App'x at 905 (previous molestation occurred between 10 and 18 years prior to charge); *Mason*, 532 F. App'x at 437 (12 year gap between prior conviction and current charge). As both courts and Congress have recognized, sexual attraction towards children is a unique predilection that stays consistent over time. *See* Fed. R. Evid. 414; United *States v. Wellman*, No. 1:08cr43, 2009 WL 159301; *Rivera v. Rivera*, 262 F. Supp. 2d 1217, 1226 (D. Kan. 2003)(holding that a history of acts of child molestation "shows an unusual disposition . . . that simply does not exist in ordinary people"). Accordingly, this Court has previously held, and now reaffirms, that evidence of William Fenn's prior sexual abuse of children is relevant in this case, no matter how long ago the abuse took place. Nevertheless, a 45 year gap between the prior alleged molestation and the current charge is more than double the longest interval the Fourth Circuit has

considered thus far, and a temporal interval of that length must substantially weaken the relative probative value of the evidence of previous molestation.  This is particularly true where, as here, there is no evidence of any molestation in the intervening years.  Accordingly, consideration of the five *Kelly* factors, along with the availability of more directly relevant evidence, leads the Court to find that the testimony of William Fenn's stepdaughters regarding his alleged prior sexual abuse of children is of far less relative probative value in Defendant's child pornography case than the evidence of prior molestation in *Mason*, *Rice*, or *Kelly* was to the charges in those cases.

> B.   Risk of Prejudice, Confusion, or Delay

Having found that the stepdaughter's testimony is of limited probative value, the Court must now address the risk it poses of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  The Fourth Circuit has cautioned that reverse 404(b) evidence raises "the dual risks of confusing the jury" and "of unduly delaying the trial." *Rubio*, 87 F.3d 1309.  These concerns are particularly acute where, as here, "there is no concrete evidence as to what happened" in the prior bad acts and resolving that question would "necessitate[] an exhaustive case within a case that would . . . confuse[] the jury as to the issues to be decided."

10

*United States v. Hill*, 322 F.3d 301, 306 (4th Cir. 2003).

The risk of distraction and confusion is even more pronounced where the reverse 404(b) evidence contains accusations of child molestation as "no evidence could be more inflammatory or more prejudicial than allegations of child molestation." *United States v. Ham*, 998 F.2d 1247, 1249 (4th Cir. 1993). There is a serious concern that where allegations of sexual abuse of live victims are made in a trial for child pornography charges, the evidence of contact abuse of live victims "will predominate [the] trial, not the stored still-life computer images that actually occasioned the current charges." *United States v. Stout*, 509 F.3d 796, 800 (6th Cir. 2007)(excluding under Rule 403 evidence of defendant's prior conviction for filming a 14-year old girl in the shower from his child pornography trial). The risk that the jury will focus on the allegations of in person molestation is at its greatest where the "allegations of child molestations [are] unproven and would be shown through the testimony of the victims." *United States v. Hough*, 385 F. App'x 535, 538 (6th Cir. 2010). The first hand victim accounts of molestation are bound to be "more lurid and frankly more interesting" than the dry, technical evidence surrounding child pornography cases. *Id.*

Given the lurid, emotionally charged nature of first hand victim accounts of child molestation and the comparatively

11

detached, largely technical evidence the government must rely upon to prove their child pornography case, there is a high probability that the jury will be preoccupied by the stepdaughter's testimony and be distracted from the far less interesting but more directly probative technical evidence.  The jury may wonder why they are sitting on a case for child pornography while Defendant's father, an alleged child molester, goes free.  Whether William Fenn's past conduct was worse than the conduct for which Defendant is charged is wholly irrelevant to the case.  Evidence of William Fenn's past sexual abuse of children is relevant only insofar as it tends to show that William Fenn was more likely than Defendant to download the specific child pornography at issue in this case.

If the testimony of William Fenn's stepdaughters regarding his past sexual abuse were Defendant's only evidence tending to show that it was William Fenn rather than Defendant who actually downloaded the pornographic images at issue in this case, then the relative probative value of the testimony might warrant risking the serious potential for confusion, delay, and misleading the jury.  But as discussed above, the testimony regarding William Fenn's past child molestation is not the only evidence tending to show that it was William Fenn rather than Defendant who downloaded the specific pornographic images at issue in this case.  In fact, it is not even the best evidence

12

on that point.  There is more direct evidence that William Fenn may have actually viewed or downloaded images of child pornography.  This direct evidence raises none of the same concerns regarding confusion, delay, or misleading the jury.  The Court therefore finds that the marginal probative value of the stepdaughters' testimony is small, and is substantially outweighed by the serious danger of confusing the issues, undue delay, and misleading the jury it poses.  Accordingly, the Court grants the Government's Motion in Limine and excludes the testimony of William Fenn's former stepdaughters as it relates to his alleged prior sexual abuse of them.

### III. Conclusion

For the foregoing reasons, the Court grants the Government's Motion in Limine to Exclude Testimony Regarding Alleged Sexual Abuse Unrelated to This Case.  The Court excludes the testimony of William Fenn's former stepdaughters as it relates to his alleged prior sexual abuse of them.  An appropriate order will issue.

/s/

July 12, 2016  
Alexandria, Virginia

James C. Cacheris  
UNITED STATES DISTRICT COURT JUDGE